# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Raymond Kinsch,** | Bankruptcy No. 18-20896 |
| Debtor. | Hon. Deborah L. Thorne (Will County) |

## <u>NOTICE OF MOTION</u>

**Please take notice** that, on **Wednesday, April 22, 2026, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, Deborah L. Thorne, or any judge sitting in that judge's place, **either** in courtroom 682 of the Everett McKinley Dirksen United States Courthouse **or** electronically as described below, and present the **Trustee's Motion to Approve Settlement and Pay Related Expenses**, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet, go to this link:** https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **160 9362 1728** and passcode is required. The meeting ID can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: March 18, 2026

**Peter N. Metrou,** not individually, but as the chapter 7 trustee for the bankruptcy estate of Raymond Kinsch

By: */s/ Ariane Holtschlag*
One of His Attorneys

Jeffrey K. Paulsen (6300528)
Ariane Holtschlag (6294327)
**Paulsen & Holtschlag, LLC**
1245 S. Michigan, #115
Chicago, IL 60605
Tel:      (773) 645-0737
Email:  aholtschlag@ph-firm.com

# CERTIFICATE OF SERVICE

I, Ariane Holtschlag, an attorney,

☑ an attorney, certify

—or—

☐ a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on March 18, 2026.

*/s/ Ariane Holtschlag*

## SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| Adam G. Brief | Ustpregion11.es.ecf@usdoj.gov |
| Daniel Brown | drb@williamsbarbermorel.com |
| Michael Dimand | mdimand@aol.com, bankruptcyfilings@wirbickilaw.com |
| Ariane Holtschlag | aholtschlag@ph-firm.com, aholtschlag_277@ecf.courtdrive.com;Holtschlag.ArianeB138711@notify.bestcase.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Umair Malik | amps@manleydeas.com |
| Peter N Metrou | trustee7@metandnem.com, pmetrou@ecf.axosfs.com |

**Non-Registrants**
(Service via first-class U.S. Mail)

*See attached list.*

Label Matrix for local noticing
0752-1
Case 18-20896
Northern District of Illinois
Eastern Division
Wed Mar 18 12:48:43 CDT 2026

Bayview Financial LOAN
Attn: Bankruptcy Dept.
4425 Ponce De Leon Blvd
Coral Gables,FL 33146-1873

Bayview Loan Servicing, LLC
c/o The Wirbicki Law Group LLC
33 W. Monroe, Suite 1140
Chicago, IL 60603-5332

Adam G. Brief
Office of the U. S. Trustee, Region 11
219 South Dearborn
Room 873
Chicago, IL 60604-2027

Daniel Brown
Williams Barber & Morel, Ltd.
233 S. Wacker Dr.
Suite 6800
Chicago, IL 60606-6359

Capital ONE N.A.
C/O THE Bureaus INC
1717 Central St
Evanston,IL 60201-1507

Capitalone
Attn: Bankruptcy Dept.
15000 Capital One Dr
Richmond,VA 23238-1119

Celtic Management
3033 W Jefferson St
Joliet,IL 60435-5261

Chase MTG
Attn: Bankruptcy Dept.
Po Box 24696
Columbus,OH 43224-0696

(p)CREDITORS' DISCOUNT & AUDIT CO    CDA
ATTN KEN ARMSTRONG
415 E MAIN ST
PO BOX 213
STREATOR IL 61364-0213

Michael Dimand
125 E. LAKE ST.
SUITE 206
BLOOMINGDALE, IL 60108-1117

Discover FIN SVCS LLC
Attn: Bankruptcy Dept.
Po Box 15316
Wilmington,DE 19850-5316

(p)EQUIFAX  INC
1550 Peachtree Street NE
Atlanta, GA 30309

Experian
Attn: Bankruptcy Dept.
PO Box 2002
Allen,TX 75013-2002

GM Financial
Attn: Bankruptcy Dept.
Po Box 181145
Arlington,TX 76096-1145

Ariane Holtschlag
Paulsen & Holtschlag LLC
1245 S Michigan #115
Chicago, IL 60605-2408

JPMorgan Chase Bank, National Association
c/o Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

Raymond Kinsch
2108 S Austrian Pine St
Lockport, IL 60441-3874

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

MBB
Attn: Bankruptcy Dept.
1460 Renaissance Dr
Park Ridge,IL 60068-1331

Umair Malik
Malik Law, LLC
3900 Gabrielle Ln #6562
Aurora, IL 60598-4319

Peter N Metrou
Peter N. Metrou, Chapter 7 Trustee
19 E Jackson Street
Oswego, IL 60543-8696

(p)NATIONWIDE CREDIT AND COLLECTION  INC
ATTN BOB BECK
815 COMMERCE DR
SUITE - 270
OAK BROOK IL 60523-8852

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

SST/Suntrust
Attn: Bankruptcy Dept.
4315 Pickett Rd
Saint Joseph,MO 64503-1600

Systems & Services Technologies, Inc., Servi
14841 Dallas Parkway, Suite 425
Dallas, TX 75254-8067

The Bureaus, Inc.
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Transunion
Attn: Bankruptcy Dept.
PO Box 1000
Chester,PA 19016-1000

Verizon
by AIS InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Verizon Wireless
Attn: Bankruptcy Dept.
Po Box 650051
Dallas,TX 75265-0051

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Creditors Discount & A
Attn: Bankruptcy Dept.
415 E Main St
Streator,IL 61364

Equifax
Attn: Bankruptcy Dept.
PO Box 740241
Atlanta,GA 30374

Nationwide Credit & CO
Attn: Bankruptcy Dept.
815 Commerce Dr Ste 270
Oak Brook,IL 60523

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u) JPMorgan Chase Bank, National Association

(u)BAYVIEW LOAN SERVICING, LLC

(u)Levy Konigsberg LLP and Stinar Gould Griec

End of Label Matrix
Mailable recipients    30
Bypassed recipients     3
Total                  33

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Raymond Kinsch,** | Bankruptcy No. 18-20896 |
| Debtor. | Hon. Deborah L. Thorne (Will County) |

## MOTION TO APPROVE SETTLEMENT AND PAY RELATED EXPENSES

Peter N. Metrou, not individually but in his capacity as the trustee (the "***Trustee***") for the bankruptcy estate (the "***Estate***") of Raymond Kinsch (the "***Debtor***"), respectfully requests that the Court enter an order approving the proposed settlement of the Claim (defined below) and authorizing the Trustee to pay related fees and expenses. A copy of the Settlement Breakdown is attached as **Exhibit 1**.

In support of this motion, the Trustee respectfully states as follows:

### JURISDICTION

1.   This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2.   Venue of the above-captioned case (the "***Case***") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## BACKGROUND

4. On July 26, 2018 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5. Peter N. Metrou was appointed and served as the chapter 7 trustee ("***Trustee***"). On October 21, 2018, the Trustee filed his Report of No Assets. See Dkt. No. 14. The Court entered an order discharging the Debtor and subsequently the Trustee was discharged as trustee and the bankruptcy case was closed.

6. On September 9, 2025, an order was entered reopening the Case for administration of a previously undisclosed claim (the "***Claim***"). See Dkt. No. 27.

7. On September 10, 2025, Peter N. Metrou was re-appointed as trustee. See Dkt. No. 28.

8. On September 25, 2025, the Debtor filed an amendment to his schedules disclosing the Claim and asserting a $15,000 "personal injury" exemption under 735 ILCS 5/12-1001(h)(4). See Dkt. No. 35.

9. In the interim, on or about June 29, 2024 the Debtor retained Levy Konigsberg LLP and Stinar Gould Grieco & Hensley, PLLC (collectively, the "***Firms***") to pursue the Claim. That retention

contemplates a contingent fee of 40% plus costs with a 50/50 split of the fee between the two Firms.

10. On January 15, 2026, the Trustee filed a motion seeking to employ the Firms on behalf of the Estate on the same terms as agreed to originally by the Debtor. *See* Dkt. No. 39. On January 22, 2026, this Court granted the motion. *See* Dkt. No. 40.

11. The Firms' efforts led to a proposed settlement of the Claim.

12. The proposed settlement is attached as **<u>Exhibit 1</u>** and contemplates a payment of $240,000 in exchange for certain releases relating to the Claim.

## REQUESTED RELIEF

13. The Trustee respectfully requests that this Court approve the proposed settlement resolving the Claims in exchange for a payment of $240,000.

14. The Trustee respectfully requests that the Firms' forty percent (40%) contingent fee in the amount of $96,000 be allowed and the Trustee authorized to pay as follows:

15. 50% to Levy Konigsberg LLP: $48,000; and

16. 50% to Stinar Gould Grieco & Hensley, PLLC: $48,000.

17. The Trustee respectfully requests that the Firms' actual expenses in the total amount of $2,892.43 be allowed and the Trustee

authorized to pay the same to Stinar Gould Grieco & Hensley, PLLC. A copy of the client cost case detail is attached as **Exhibit 2**.

18. The Trustee respectfully requests authority to pay the amount of $15,000, to the Debtor in satisfaction of his exemption.

## DISCUSSION

### I. Settlement.

19. A trustee may settle or compromise a dispute with bankruptcy court approval. Fed. R. Bankr. P. 9019. "A bankruptcy court may approve a settlement agreement only if it is in the best interest of the bankruptcy estate." *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 801 (7th Cir. 2012). "The linchpin of the 'best interests of the estate' test is a comparison of the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007) (*citing In re Energy Coop.*, 886 F.2d 921, 927 (7th Cir. 1989)). "Among the factors the court considers are the litigation's probability of success, complexity, expense, inconvenience, and delay, 'including the possibility that disapproving the settlement will cause wasting of assets.'" *Id.* (*quoting LaSalle Nat'l Bank v. Holland* (*In re Am. Reserve Corp.*), 841 F.2d 159, 161 (7th Cir. 1987)).

20. "As part of this test, the value of the settlement must be reasonably equivalent to the value of the claims surrendered. This

reasonable equivalence standard is met if the settlement falls within the reasonable range of possible litigation outcomes. Because litigation outcomes cannot be predicted with mathematical precision, only if a settlement falls below the low end of possible litigation outcomes will it fail the reasonable equivalence standard." *Id.* (citations omitted); *accord In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 553 (Bank. N.D. Ill. 1994). This determination should be weighted in favor of settlement, and a challenged settlement will fail the test only if it falls below the lowest point in the range of reasonableness. *Telesphere*, 179 B.R. at 553.

21. Here, the settlement meets the above-cited standards for judicial approval and comports with the public policy considerations favoring settlements generally. Additionally, the settlement is part of a larger group of settlements reached resolving similarly situated claims on the same terms. The Trustee submits that the proposed settlement is the product of good faith, arms' length negotiations, is fair and equitable, and is mutually satisfactory to the parties.

22. For these reasons, the Trustee respectfully submits that the proposed settlement is in the best interests of the Estate.

## II.  Compensation and Payments.

23. Under § 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id*. § 330(a)(3).

24. Section 328(a) of the Bankruptcy Code permits the Trustee, subject to this Court's approval, to employ or authorize the employment of a professional person under Section 327 "on any reasonable terms and conditions of employment, including … on a contingent fee basis." 11 U.S.C. § 328(a)(emphasis added).

25. The Court approved the Firms' retention on a contingent fee plus costs basis. The contingent fee equals forty percent (40%) of any recovery, with that fee divided 50/50 between the Firms. Here the recovery is $240,000 so the total contingent fee is $96,000 with $48,000 due to Levy Konigsberg LLP and $48,000 due to Stinar Gould Grieco & Hensley, PLLC.

26. The Firms incurred $2,892.43 in actual and necessary expenses related to its pursuit of the Claim. A copy of the expense record is attached hereto as **Exhibit 2**.

27. Therefore, the Trustee requests the Firms' forty percent (40%) contingent fee in the amount of $96,000 be allowed and the Trustee authorized to pay as follows:

   a. 50% to Levy Konigsberg LLP: $48,000; and

   b. 50% to Stinar Gould Grieco & Hensley, PLLC: $48,000.

28. Additionally, the Trustee requests that the Firms' actual expenses in the total amount of $2,892.43 be allowed and the Trustee authorized to reimburse the same to Stinar Gould Grieco & Hensley, PLLC.

29. Finally, the Trustee requests authority to pay the amount of $15,000 to the Debtor in full satisfaction of his exemption in the Claim.

## NOTICE

30. Pursuant to Bankruptcy Rule 2002(a)(3), 21 days' notice of this motion has been given to: (i) the Office of the United States Trustee; (ii) the Debtor; (iii) the Debtor's attorney; (iv) the Debtor's creditors as scheduled, and (v) any other person that receives notices through the ECF System with respect to the Case.

31. Trustee requests that the notice given been deemed sufficient under the circumstances.

**WHEREFORE**, Peter N. Metrou, not individually, but as chapter 7 trustee for the bankruptcy estate of Raymond Kinsch, respectfully requests entry of an order, substantially in the form submitted herewith:

1.  approving the proposed settlement resolving the Claims in exchange for a payment of $240,000; and

2.  allowing the Firms' forty percent (40%) contingent fee in the amount of $96,000 and authorizing the Trustee to pay as follows:

   a.  50% to Levy Konigsberg LLP: $48,000; and

   b.  50% to Stinar Gould Grieco & Hensley, PLLC: $48,000; and

3.  allowing the Firms' actual expenses in the total amount of $2,892.43 and authorizing the Trustee to pay the same to Stinar Gould Grieco & Hensley, PLLC; and

4.  authorizing the Trustee to pay the amount of $15,000 to the Debtor in satisfaction of his exemption; and

5.  granting such other and further relief as this Court may deem just and appropriate.

Dated: March 18, 2026
          **Peter N. Metrou,** not individually, but as the chapter 7 trustee for the bankruptcy estate of Raymond Kinsch

          By: */s/ Ariane Holtschlag*
          One of His Attorneys

Jeffrey K. Paulsen (6300528)
Ariane Holtschlag (6294327)
**Paulsen & Holtschlag, LLC**
1245 S. Michigan, #115
Chicago, IL 60605
Tel:      (773) 645-0737
Email:  aholtschlag@ph-firm.com