# Exhibit 1

Docusign Envelope ID: 9BD45B23-BA70-476D-B9DD-5B35556EB55B

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is hereby entered into as of the date when the last Party executes this Agreement (the "Effective Date") by and between The Catholic Bishop of Chicago, a corporation sole and the Archdiocese of Chicago (collectively the "Catholic Bishop" or "Defendant"), and Raymond Kinsch ("Kinsch") (collectively "the Parties").

### R E C I T A L S

WHEREAS, Kinsch alleges that Robert Mayer ("Mayer"), who was at all relevant times a cleric of the Archdiocese of Chicago, sexually abused Kinsch while Kinsch was a minor, that the abuse by Mayer resulted in personal and physical injuries to Kinsch, and that the Catholic Bishop, and its agents, failed to take reasonable steps to prevent such conduct or are otherwise liable for his injuries (the "Claims");

WHEREAS, Kinsch's date of birth is June 1, 1963, and Kinsch is of sufficient mental ability to appreciate the effect of his action in entering into this Agreement, and is entering into this Agreement of his own free will and with the advice of counsel;

WHEREAS, Kinsch filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on July 26, 2018 (in which the Claims were not originally scheduled) and obtained a discharge on October 23, 2018 (Case No. 18-20896, in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Case"));

WHEREAS, the Parties are in agreement that as a result of the commencement of the Bankruptcy Case, the Claims are property of the Estate pursuant to the provisions of Section 11 U.S.C. §541 of the United States Bankruptcy Code;

WHEREAS, Defendant denies that it was negligent or that it otherwise caused or is liable for the injuries claimed by Kinsch;

1

WHEREAS, Defendant wishes to respond with compassion to Kinsch;

WHEREAS, the Parties and each of them believe it is in their respective best interests to compromise these claims and enter into this Agreement;

WHEREAS, having reached this Agreement, the Parties intend that it bring them a sense of finality and a measure of peace and they will go forward in that spirit;

WHEREAS, the amount paid by the Catholic Bishop pursuant to this Agreement is intended to be and is in full and final satisfaction of any and all claims for personal, physical, and psychological injuries that Kinsch has made or may make against the Catholic Bishop, the Archdiocese of Chicago, and any instrumentality of the Catholic Church (including, but not limited to, the Holy See) and any of their respective present or former directors, officers, members, clergy, bishops, priests, employees, agents, attorneys, insurers, representatives, predecessors, successors, assigns, affiliates, or volunteers, or against Mayer or his estate;

WHEREAS, all Parties hereto are represented by counsel and have had the opportunity to discuss this Agreement with counsel; and

WHEREAS, each of the Parties hereto has read this Agreement in its entirety, has had the opportunity to review all aspects of this Agreement with legal counsel, and fully understands all of the Agreement's provisions and their legal and practical effects;

NOW, THEREFORE, in consideration of the foregoing recitals and for other good and valuable consideration (the sufficiency of which is hereby acknowledged by each of the Parties), it is hereby covenanted and agreed by and between the Parties hereto as follows:

1.      Recitals. The Parties agree that the above Recitals are incorporated into this Agreement.

2.      Bankruptcy Court Approval.  The Parties agree that this Agreement is expressly conditioned upon and subject to approval by the Bankruptcy Court by the entry of a final, non-appealable order, after notice and hearing in accordance with the provisions of the United States Bankruptcy Code and Federal Rules of Bankruptcy Procedure ("Bankruptcy Settlement Order").

3.      Payment. The Catholic Bishop shall pay Kinsch Two Hundred Forty Thousand Dollars ($240,000) (the "Settlement Amount") by check made payable to "SGGH CBC Litigation QSF."  This payment is on account of personal physical injury or physical sickness, or emotional injuries resulting from personal physical injury or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. No portion of the settlement proceeds are paid or shall represent alleged exemplary or punitive damages.

The settlement check shall be tendered within 14 days following receipt of the fully executed (by Kinsch and his counsel) settlement agreement.  The Parties waive the Illinois law concerning the prompt payment of settled claims, 735 ILCS 5/2-2301.

The Bankruptcy Case shall be reopened, and Kinsch shall disclose the Claims in filings with the bankruptcy court.  After such filing, the Claims may be administered or abandoned in compliance with applicable law and court rules, and by order of the bankruptcy court.  The Parties agree to reasonably cooperate regarding the execution of any additional documents to comply with the order of the bankruptcy court.  The Settlement Amount may be disbursed from the Qualified Settlement Fund and in compliance with the orders of the bankruptcy court after the Claims have been administered or abandoned, and upon approval from Hon. Elizabeth Budzinski (ret.).  The Parties agree that under no circumstance shall the Catholic Bishop be required to pay any amount other than the Settlement Amount, nor shall the Settlement Amount or any portion thereof be disbursed from

3

the Qualified Settlement Fund except pursuant to and in compliance with the orders of the bankruptcy court.

4.     <u>Complete Release of the Defendant and Mayer</u>. Upon execution of this Agreement, Kinsch on his own behalf and on behalf of his current and future agents, heirs, representatives, attorneys, successors and assigns, hereby completely and unconditionally releases, discharges, and waives all claims, damages, causes of action, debts, liabilities, torts, covenants, contracts, agreements, undertakings and other obligations of whatever nature or source, statutory or otherwise, whether known, unknown, recalled, unrecalled or repressed (including, without limitation, any claim for sexual abuse, personal injury, negligence, or breach of fiduciary duty, fraud, fraudulent concealment, or fraudulent inducement, and any claim for attorney's fees and costs), arising out of any matter prior to the date of this Agreement, which he has, had or may have against the Defendant, the Archdiocese of Chicago, Cardinal Blase Joseph Cupich, and any instrumentality of the Roman Catholic Church (including, but not limited to, the Holy See), or their respective present or former directors, officers, members, clergy, bishops, priests, employees, agents, attorneys, insurers, representatives, predecessors, successors, heirs, assigns, affiliates, or volunteers or against Mayer or his estate (the "Released Parties").

5.     <u>Complete Release of all Sexual Abuse Claims</u>.  In entering into this Agreement, Kinsch understands that this Agreement constitutes a complete release of any and all sexual abuse claims that Kinsch has, whether known, unknown, recalled, unrecalled, or repressed, arising out of any matter prior to the effective date of this agreement, against the Catholic Bishop, the Released Parties, and any of their current or former priests, employees, agents, directors, officers, clergy, bishops, volunteers, or any other agent of the Catholic Bishop or the Released Parties.

Kinsch understands that he may not be fully aware of every aspect of his sexual abuse claims against the Catholic Bishop, Mayer, or other agents of the Catholic Bishop or of the Released parties. Kinsch further understands that, by entering into this Agreement, he is agreeing to release any and all sexual abuse claims against the Catholic Bishop (or any of the Released Parties), based on allegations of sexual abuse against Mayer, or any other priest or personnel of the Archdiocese of Chicago, regardless of whether he is currently aware of any such claims. Kinsch covenants and warrants that he is entering into this Agreement of his own free will, with the assistance of counsel, and is agreeing to release any and all claims of sexual abuse against the Defendant or the Released parties arising out of any matter prior to the effective date of this Agreement.

6.    No Assignment. Kinsch covenants and warrants that he has not assigned or transferred, or purported to assign or transfer, the claims released in this Agreement.

7.    Intention of the Parties. It is the firm intention of the Parties in entering this Agreement to resolve all matters in dispute between them. From the date of this Agreement, the Parties agree to comport themselves in a manner that is consistent with this intention and move forward in peace.

8.    Binding. This Agreement shall be binding upon the Parties hereto and their respective successors in interest, heirs, personal representatives, and assigns.

9.    No Admission of Wrongdoing. Nothing contained in this Agreement, nor any action taken by any Party in connection with this Agreement, constitutes an admission of wrongdoing or liability on the part of any Party.

10.    Additional Documents. The Parties shall execute, acknowledge, and deliver to the other Parties such instruments or confirmation or other or further assurance as may be reasonably required to carry out the purposes of this Agreement after the date of the Agreement.

11.     <u>Disclosure of Settlement Amount</u>. Kinsch and his counsel may not publicly disclose the Settlement Amount prior to January 1, 2026, other than in confidence to Kinsch's financial or tax advisors, or as necessary to administer the claim in the Bankruptcy Case.

12.     <u>Representation by Lawyer</u>. In entering into this Agreement, Kinsch confirms that he has been represented by counsel of his choice, that he has relied on the legal advice of such counsel, that the terms of this Agreement have been completely read and explained to him by his attorney and that he fully understands and voluntarily accepts these terms. **Kinsch understands and acknowledges that this is a full, final, and complete release and settlement of all claims and demands, whether known or unknown, suspected or unsuspected, that Kinsch has or may have against the Defendant, any instrumentality of the Catholic Church, and/or Mayer or his estate.**

13.     <u>Notice</u>. Any notice permitted or required to be given hereunder shall be delivered to the following addresses or any other addresses that the Parties provide to each other in writing:

| | |
|---|---|
| To: | Michael Grieco<br>Stinar, Gould, Grieco & Hensley<br>101 N. Wacker Drive<br>Chicago, Illinois 60606 |
| To: | The Catholic Bishop of Chicago, a corporation sole<br>Office of General Counsel, Archdiocese of Chicago<br>835 N. Rush Street<br>Chicago, Illinois 60611 |
| With a copy to: | Susan J.M. Overbey, Esq.<br>Burke, Warren, MacKay & Serritella, P.C.<br>330 N. Wabash Avenue, Suite 2100<br>Chicago, Illinois 60611-3607 |

If mailed, such notice shall be deemed delivered when deposited in the United States Mail in a sealed envelope so addressed, with postage thereon prepaid. If sent by overnight courier, such notice shall be deemed to be delivered when delivered to the overnight courier.

14. <u>Laws of Illinois</u>. This Agreement shall be construed in accordance with the laws of the State of Illinois, without reference to its choice of law provisions.

15. <u>Severability</u>. Any invalidity, in whole or in part, of any provision of this Agreement shall not affect the validity of any other of its provisions or of the Agreement as a whole.

16. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between the Parties. This Agreement may be amended only by a written instrument signed by all Parties.

17. <u>Counterparts</u>. This Agreement may be executed in counterparts.

18. <u>Headings</u>. Headings have been inserted for convenience of reference only. They are not intended to affect the meaning or interpretation of this Agreement.

19. <u>Release of Attorney's Lien</u>. In consideration of this Agreement and other good and valuable consideration (the sufficiency of which is hereby acknowledged), counsel for Kinsch, Stinar, Gould, Grieco & Hensley hereby waive, discharge, and release the Defendant and any instrumentality of the Catholic Church (including, but not limited to, the Holy See), their present or former directors, officers, members, clergy, bishops, priests, employees, volunteers, agents, attorneys, insurers, representatives, predecessors, successors and assigns, affiliates, and Mayer and his estate of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered in connection with this case. Kinsch and Stinar, Gould, Grieco & Hensley certify that no other person claims any attorneys' fees in connection with the above-described matters.

20. <u>Third Party Interests and Liens</u>. (A) *Medicare Secondary Payer requirements*. The Parties have reasonably considered Medicare's interests, as set forth in 42 U.S.C. 1395y. The Parties acknowledge that Medicare has consistently applied the Medicare Secondary Payer provision for liability insurance (including self-insurance) effective December 5, 1980 and will not claim a Medicare Secondary Payer liability insurance-based recovery claim against

settlements, judgments, awards or other payments, where the date of incident occurred before December 5, 1980. Kinsch represents and warrants that he has not received nor expects to receive within the next 30 months, payment of benefits under the Medicare program or benefits under the "Social Security Disability Income" program. Kinsch further represents and warrants that the alleged conduct comprising the Claims occurred prior to December 5, 1980 and did not continue past that date. Nonetheless, Kinsch agrees to hold harmless and indemnify the Catholic Bishop from any cause of action related to recovery sought by Medicare, including recovery for past, present and future conditional payments.

(B) *Statutory liens or claims.* Kinsch represents and warrants that any sums paid under this Agreement are not subject to any claim, in the nature of subrogation or otherwise, by any government entity, any health insurance company, or to any other lien or claim by any third party. Kinsch represents and warrants that all medical aid, hospital services, doctor services, psychiatric or psychological services, psychotherapist services, chiropractor services, nursing, drugs, and medical and hospital liens past, present and future arising as a result of the Claims covered by this Agreement and any other liens that might be placed on the payments being made under this Agreement, have been or will be paid by Kinsch. Kinsch agrees to INDEMNIFY, HOLD HARMLESS AND DEFEND the Released Parties from any and all such claims, demands, actions and causes of action of any nature or character and any other claims, demands, actions and causes of action which may have been or may hereafter be asserted against the Released Parties by any person, insurer, firm, corporation or governmental entity claiming under alleged subrogation rights for hospitals', doctors' or other medical liens.

(C) In further consideration of the payment of the sums described above, Kinsch on his own behalf and on behalf of his heirs, executors, administrators, successors, agents, assigns and

any other person or entity claiming by, through, or under Kinsch (excluding Kinsch's current attorneys), hereby agrees to PROTECT, DEFEND, HOLD HARMLESS AND INDEMNIFY the Released Parties from any and all claims, damages or liabilities that may be asserted by anyone claiming by, through, under, or on behalf of Kinsch against the Released Parties, including, but not limited to claims made for contribution or indemnity. **THIS INDEMNITY AND HOLD HARMLESS AGREEMENT IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED, OR PROVED THAT ALL OR SOME OF THE CLAIMS BEING ASSERTED AND/OR DAMAGES BEING SOUGHT ARE CAUSED IN WHOLE OR IN PART BY THE SOLE OR CONCURRENT NEGLIGENT OR GROSSLY NEGLIGENT OR INTENTIONAL ACTS OR OMISSIONS OF THE RELEASED PARTIES**. This obligation to protect, defend, hold harmless and indemnify is intended to cover all forms and types of damages whatsoever that may be sought against the Released Parties arising out of or related to the claims that were asserted or could have been asserted on behalf of Kinsch against the Released Parties arising out of the Claims covered by this Agreement.

Without limiting the foregoing, this indemnity and hold harmless provision is specifically intended to include all losses, costs, liability, and expenses relating to such claims, demands, actions, or causes of action, and the costs of future litigation, including without limitation, reasonable attorneys' fees. This obligation to protect, defend, hold harmless, and indemnify includes, without limitation, the obligation to provide the Released Parties with a good and adequate defense, including payment for all defense costs and attorneys' fees, to defend the Released Parties against any claim or cause of action covered by this indemnification. Kinsch also agrees to pay the Released Parties' attorneys' fees and expenses incurred in any action that the

Released Parties may bring to enforce this obligation to protect, defend, indemnify, and hold harmless.

21. <u>Tax Consequences</u>. Kinsch and his attorneys acknowledge and agree that the Catholic Bishop is not responsible for the payment of any federal, state, city or local taxes which might be due and owing from Kinsch and/or his attorneys as a result of any term contained in this Agreement. The Parties acknowledge that no tax advice has been offered or given by either party, their attorneys, agents, or any other representatives in the course of these negotiations and each party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement.

22. <u>Approval of Form and Content of Agreement</u>. Kinsch's undersigned attorneys hereby agree that they have approved this Agreement as to form and content.

23. <u>No Conditions Precedent</u>. Each of the parties to this Agreement acknowledges that no conditions precedent and no promise, inducement, or agreement not stated herein has been made to them in connection with this Agreement.

24. <u>Integration and Reliance Clause and Amendment</u>. This Agreement constitutes the entire understanding and agreement of the parties hereto and supersedes any and all other written or oral agreements, representations, or understandings. No representations, inducements, promises, or agreements, oral or written, have been made by Kinsch or by the Released Parties or anyone acting on behalf of the Released Parties which are not contained herein, and any prior letters of intent, agreements, promises, negotiations, statements, or representations not expressly set forth in this Agreement have not been relied upon in any respect and shall be of no force or effect. Kinsch agrees and warrants that in entering into this Agreement, Kinsch is relying solely upon the information contained in this Agreement and not upon any other information. No

Docusign Envelope ID: 9BD45B23-BA70-476D-B9DD-5B35556EB55B

modification, amendment, or alteration to this Agreement shall be effective unless in a writing signed by the parties hereto.

25.     Change of Facts; Later Discovered Facts. Kinsch hereby acknowledges that he and/or his attorneys may hereafter discover facts different from or in addition to those that they now know or believe to be true with respect to Mayer, or may hereafter change their opinion as to the meaning or significance of the facts heretofore discovered, or may incur or suffer loss, damage, or injury which is in some way caused by or related to the matters referred to in this Agreement but which are unknown or unanticipated at the time of execution of this Agreement. Kinsch hereby agrees that, in such event, this Agreement shall nevertheless be and remain effective in all respects notwithstanding such different or additional facts or the discovery thereof.

[Signature page follows]

11

Docusign Envelope ID: 76607053-C584-4A76-8CE0-AF4504EC2EF8

IN WITNESS WHEREOF, the Parties have signed this Agreement effective as of the last date of execution indicated below.

7/28/2025
_____
Date

Raymond Kinsch

8/6/2025
_____
Date

The Catholic Bishop of Chicago, a corporation sole

By: _____

Its: _____General Counsel_____

7/28/2025
_____
Date

Michael Grieco
Stinar, Gould, Grieco & Hensley
*Counsel for Raymond Kinsch*

12